ANCHOR TOY CORPORATION et al., Appellants, *v.* AMERICAN EAGLE FIRE INSURANCE COMPANY et al., Respondents.

First Department, June 28, 1960.

A. J. *Asche* of counsel (*Elsie M. Quinlan* with him on the brief; *Nathan, Mannheimer, Asche, Winer & Friedman,* attorneys), for appellants.

*Herbert P. Polk* of counsel *Lowenstein, Pitcher, Hotchkiss, Amann & Parr*, attorneys), for respondents.

*Per Curiam.* On July 28, 19 3 plaintiffs' factory in Pennsylvania was destroyed by fire. The resulting property damage was paid under a group of ins rance policies. In addition the defendants in this action ha issued to plaintiffs protection against business interruption. This coverage had been extended in the form of riders attached the property damage policies. In a prior decision Special Ter decided that the period of such business interruption was 48 we ks (4 Misc 2d 364). No appeal was taken from that determination.

Thereafter, the parties calculated the loss and stipulated the amount of the judgment to be entered. Plaintiffs moved for the fixation of appropriate interest pursuant to section 480 of the Civil Practice Act. Plaintiffs claimed that 52% of their loss for business interruption had been sustained within five months

(Dec. 31, 1953) after the fire and 57% within six months (Feb. 1, 1954). Accordingly they asked that interest be allowed from the latter date. Defendants contended that either no interest should be awarded or that the period should commence to run on May 9, 1955 — 60 days after the filing of the proofs of loss. Special Term agreed with the latter contention of defendants and plaintiffs appeal.

The ambiguity and uncertainty as to the proper date from which to compute interest arises by reason of the carelessness of defendants and their agents in assembling the several policies. In so doing business interruption forms were merely attached to standard fire policies intended to cover loss of or damage to tangible property. While these forms contained certain provisions applicable solely to interruption of business, they were silent as to any requirement for making and filing proofs of loss. There remained only the provision in the standard policy (lines 90 to 122) entitled " Requirements in case loss occurs " setting forth detailed provisions for separation of damaged from undamaged property and the making and rendering to the insurer of proofs of loss in accordance with detailed instructions. A casual reading of these policy provisions shows their inapplicability to damage sustained by interruption of business.

It is true, as defendants contend, that proofs of loss were eventually filed by plaintiffs, but, in so doing the latter reserved the right to assert that no such proofs were required to be furnished under the policy and the law. It has been held in a Pennsylvania decision — the State in which this loss occurred — under facts similar to those before us that rendering of proofs of loss is unnecessary. (*Telesky* v. *Fidelity Guar. Fire Corp.*, 140 Pa. Sup. 457. See, also, *Budrecki* v. *Firemen's Ins. Co.*, 114 N. J. L. 187.) In the *Telesky* case (*supra,* p. 461) the court said: " Both policies are described therein as standard fire insurance policies of this state, and it is obvious that the coverages were accomplished by the addition thereto of appropriate riders or endorsements, the standard provisions, among them that relating to proof of loss, remaining the same. The proof of loss provisions are patently drawn to cover primarily loss of tangible real or personal property by fire. They are not adapted to claims for loss of use and occupancy. Literal compliance with those requirements would disclose no information relevant to such a loss."

It is a recognized rule of construction that if ambiguity exists either in the policy as a whole or in portions thereof, the insured should have the benefit of a favorable construction. (13 Appleman, Insurance Law and Practice, § 7401.) " No rule of inter-

pretation of an insurance contract is more firmly embedded than that which declares that where the language of the policy is without violence susceptible of two interpretations, one of which being that contended for by the insured, it should be most strongly construed against the insurer for the language is that of the insurer." (3 Richards, Insurance, § 397, p. 1314.)

In the instant case the defendants issued policies extending coverage for business interruption. A cursory reading thereof discloses the patent ambiguity created by the failure to incorporate therein an intelligible requirement as to the rendering of proofs of such loss, if such were wanted by the insurers. The resulting confusion was caused by the carelessness of the writers of the policies. It is apparent that the standard proof of loss provision has no applicability because the loss insured against was a continuing one. It has been determined that such loss continued for a period of 48 weeks after the fire. As a result of the doubt and confusion caused by defendants proofs of loss for business interruption were subsequently filed under a reservation of plaintiffs' rights. It may not be found that thereby the parties placed a practical construction on the contracts that the loss was not payable until 60 days after rendering such proofs and that interest should commence to run from that date.

We find that the median date of February 1, 1954 is the correct one and that interest should be computed therefrom. The judgment and order should be modified on the law and facts to fix interest on the stated sums therein from February 1, 1954 to November 21, 1956, without costs to either party.

Breitel, J. P., Valente, McNally, Stevens and Bastow, JJ., concur.

Judgment and order unanimously modified on the law and on the facts to fix interest on the stated sums therein from February 1, 1954 to November 21, 1956, and, as so modified, affirmed, without costs to either party. Settle order.